■ JACK J. GRYNBERG et al., Appellants, v ADVANCE NANO-TECH, INC., et al., Respondents, et al., Defendants. [912 NYS2d 205]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered August 27, 2009, which granted defendant Advance Nanotech's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, with costs.

Contrary to plaintiffs' contention, the subject liquidated damages clause provides the exclusive remedy for breach of the provision requiring defendants to register certain shares with the Securities and Exchange Commission within 60 days (*see Truck Rent-A-Ctr. v Puritan Farms 2nd*, 41 NY2d 420, 423-424 [1977]; *X.L.O. Concrete Corp. v Brady & Co.*, 104 AD2d 181, 184-185 [1984], *affd* 66 NY2d 970 [1985]), and is not rendered nugatory by the general remedies clause in the agreement. The damages to be covered were those arising from a decline in the value of the shares before they were registered, which would make them difficult to sell while unregistered. The record supports the finding that the liquidated amount is a reasonable estimate of the possible decline in share price (*see Truck Rent-A-Ctr.*, 41 NY2d at 425).

Because the penalty represented reasonable compensation, the contract was not illusory. Nor did the liquidated damages clause function as an exculpatory clause. Nor can plaintiffs avoid the effect of the express provisions of the clause by characterizing the breach as a breach of the covenant of good faith (*see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 153 [2002]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Tom, J.P., Andrias, Sweeny, DeGrasse and Román, JJ.